FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JUN 13 P 12: 10
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JANET C. MCNEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-028 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration,[1] | ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Janet C. McNeely ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Plaintiff applied for DIB and SSI in March and April 2001, respectively.[2, 3] Tr.

---

[1]The Court takes judicial notice that on February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Michael J. Astrue as Defendant in this case.

[2]The record shows that Plaintiff previously filed applications for benefits dating back to January 20, 1998. R. 5N. These applications were denied, with the Administrative Law

("R."), pp. 17-19, 661-62. The Social Security Administration denied her claims. R. 6-11, 663-68. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 5G. At the hearing Plaintiff, who was accompanied by an attorney, testified on her own behalf; however, a vocational expert ("VE") did not testify. Thereafter, on September 19, 2003, the ALJ issued an unfavorable decision. R. 5K-V. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations (20 C.F.R. §§ 414.1520(b) and 416.920(b)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant retains the residual functional capacity ("RFC") to perform substantially all of the full range of sedentary work (20 C.F.R. §§ 404.1567 and 416.967). The claimant is unable to perform any of her past relevant medium work (20 C.F.R. §§ 404.1565 and 416.965). The claimant does not have transferable skills and/or transferable skills are not at issue (20 C.F.R. §§ 404.1568 and 416.968).

5. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, Medical-Vocational Rules 201.27 and 201.28, Appendix 2, Subpart P, of Regulation No. 4 would direct a conclusion of "not disabled." The claimant's capacity for sedentary work is substantially intact, and has not been

---

Judge issuing a decision on July 15, 1999, and denying Plaintiff's request for reconsideration on November 24, 1999. Id. Plaintiff did not seek judicial review of the unfavorable administrative decision, and therefore the time period covered by the previous denial is not currently before the Court. Id.

[3]Plaintiff was insured for DIB through the date of the ALJ's decision. R. 5O.

2

> compromised by any non-exertional limitations. Accordingly, using the above-cited rules as a framework for decision-making, the claimant is not disabled. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

R. 5U-V.

Plaintiff then timely requested a review by the Appeals Council ("AC"), and submitted additional evidence to the AC. R. 5D, 5E, 563-660. When the AC denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision. R. 5A-C. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that substantial evidence does not support the ALJ's decision denying Plaintiff's request for DIB and SSI. (Doc. no. 14, p. 8). Specifically, Plaintiff contends that (1) the ALJ erred in determining that she did not have any non-exertional impairments, and thus, erred in not relying on the testimony of a VE in making his decision that there were jobs in the national economy that Plaintiff could perform, and (2) the AC erred in not considering the evidence of deep venous thrombosis that Plaintiff submitted on appeal. (Id. at 1).

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

3

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

In her brief, Plaintiff argues, *inter alia*, that the ALJ erred in determining that she did not have any non-exertional impairments, such as pain, that significantly limit her basic work skills, and as a result, the ALJ erred in failing to consult a VE in determining if there were other jobs in the national economy that she could perform. (Doc. no. 14, pp. 8-9, 13-15). The Commissioner responds that the ALJ properly determined that Plaintiff did not have any non-exertional limitations, and thus, the ALJ did not err when he determined that a VE was unnecessary and relied exclusively on the Medical-Vocational Guidelines ("grids") to determine that there were jobs in the national economy that Plaintiff could perform. (Doc. no. 15, pp. 9, 13-15). Plaintiff has the better argument.

At step four of the sequential evaluation process, the ALJ determined that Plaintiff was unable to perform her past relevant work as an electrician, but had the residual functional capacity to perform the full range of sedentary work.[4] R. 5O, 5U. As such, the burden shifted to the Commissioner to show the existence of other types of substantial

---

[4] Sedentary work involves:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

5

gainful employment that Plaintiff could perform given her age, education, previous work experience, and residual functional capacity. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). In this regard, the ALJ relied exclusively on the grids, choosing not to obtain the testimony of a VE.

As the Eleventh Circuit ruled:

> The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." Therefore, we must determine whether *either* of these two conditions exists in this case. If *either* condition exists, the ALJ was required to consult a vocational expert.

Id. at 1242 (internal citations omitted) (emphasis in original); see also McGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986) ("When there have been non-exertional factors (such as depression and medication side effects) *alleged*, the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." (Emphasis added)).

The threshold question then becomes whether the ALJ properly determined that Plaintiff does not have non-exertional impairments. The ALJ determined that Plaintiff had the RFC to perform substantially all of the full range of sedentary work, and this capacity for sedentary work has not been compromised by any non-exertional limitations. R. 5S-T. In addressing Plaintiff's claims of pain, a non-exertional impairment, the ALJ concluded that Plaintiff's pain was not so persistent and frequent that she is unable to perform any work activity. In particular, he concluded that Plaintiff's allegations were not supported by the

6

overall evidence, and therefore, he did not find her fully credible with regard to her allegations of pain.[5] Plaintiff, on the other hand, argues that her pain, fatigue, and the side effects of her medication are severe non-exertional impairments that would affect her ability to work.

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's subjective allegation of disabling pain, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to

---

[5]After listening to Plaintiff's testimony and reviewing the evidence in the record, the ALJ made the following determination as to Plaintiff's pain allegations:

> I have evaluated the claimant's subjective allegations regarding continuing constant pain and resultant limitations and find that these allegations are not supported by the overall evidence of record. Therefore, I do not find her fully credible with regard to her allegations of pain so persistent and frequent that she is unable to perform any work activity (Social Security Ruling 96-7p).

R. 5R.

uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). In this case, the ALJ found evidence of an underlying medical condition, namely that Plaintiff has cellulitis of the lower left extremity due to spider bites and degenerative joint disease of the left knee/anterior cruciate ligament. R. 5Q. However, when stating his reasons for discrediting Plaintiff's subjective allegation of pain per Holt, instead of citing specific examples in the record that would discredit Plaintiff's allegations that she has chronic pain in her leg, the ALJ generally concluded that the allegations were not supported by the record, and thus, Plaintiff was not credible. R. 5R.[6]

That is not to say that the ALJ failed completely to address Plaintiff's pain and

---

[6]The ALJ concluded that Plaintiff's testimony was not credible because of inconsistencies relating to her alcohol use, and employment history. R. 5Q-R. The ALJ did mention in passing, that the Plaintiff is well known to the emergency room personnel, presumably because of her history of "drug seeking behavior." Id. The ALJ also cited to emergency room records from the Medical College of Georgia dated March 20, 2003, noting that the claimant was fully ambulatory, and she reported no major complaints or increase in pain. R. 5R-S. The Court can only infer that the ALJ deduced that Plaintiff sought the pain medication not because her leg caused her pain, but because of her need for drugs. However, the Court cannot base its decision on inferences and guess work. As set forth in detail above, the ALJ must sufficiently articulate his reasoning so that the court can conduct a meaningful review of the administrative decision.

8

credibility, but the Court finds the ALJ's analysis of the evidence to be, unclear, and at times, somewhat contradictory. For instance, in his decision, the ALJ acknowledged multiple cites in the record that seem to support Plaintiff's testimony that she suffers from chronic pain.[7] R. 5P, 5Q. However he then dismisses this information by concluding that the "overall evidence" does not support Plaintiff's allegation that she suffers from pain. Nowhere in the record does the ALJ's analysis explain how Plaintiff's complaint of pain mentioned in footnote 7, and acknowledged in his opinion, affected his determination of the existence, or lack of, an impact of any non-exertional impairments, other than to say Plaintiff is not credible. Therefore, the Court concludes that the case should be remanded so that the ALJ can more fully explain his reasoning as it relates to Plaintiff's non-exertional impairments.

Finally, as the ALJ concluded that Plaintiff's complaints of pain were not credible, and consequently that her RFC for sedentary work was not compromised by any non-exertional limitations, he did not consider whether any non-exertional limitations "significantly limit[ed] [Plaintiff's] basic work skills." See Phillips, 357 F.3d at 1242. As a result, it is not clear that exclusive reliance on the grids, rather than obtaining the testimony of a VE, was the appropriate procedure to determine if other jobs existed in the national economy that Plaintiff could perform. See id. (requiring the ALJ to consult a VE when

---

[7] Those instances are cited as follows: (1) "On her next visit on September 4, 2002, the claimant . . . asked for Oxycontin for pain, and was prescribed 30 tablets of Percocet," R. 5P; (2) "[o]n September 9, 2002, . . . she was prescribed Neurontin for her complaints of pain," id.; (3) "on December 13, 2002, [the attending physician at the Medical College of Georgia] noted that the claimant reported complaints of increased pain of her left leg . . . and was prescribed 20 tablets of Percocet," id.; (4) "on April 25, 2003, there was no reported *increase* of pain," id. (emphasis added); and (5) "[o]n May 15, 2003, the claimant reported complaints of pain and swelling of left knee," R. 5Q.

9

claimant has non-exertional impairments that significantly limit basic work skills). However, the determination of the need for obtaining the testimony of a VE, based on a new analysis on non-exertional limitations, should be taken up in the first instance by the ALJ. Stated otherwise, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner. Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

In sum, the Court finds that the ALJ was not sufficiently clear on his reasons for discrediting Plaintiff's complaints of pain, and thus, it is not clear that the ALJ properly relied exclusively on the grids, rather than obtaining the testimony of a VE, to determine that there are jobs in the national economy that Plaintiff can perform. Therefore, a remand pursuant to sentence four is warranted. Because the Court is recommending that this case be remanded, the other contentions in Plaintiff's complaint need not be addressed.

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 13th day of June, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE