# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 AUG 13 A 10: 17

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JANET C. MCNEELY,      )
     )
    Plaintiff,      )
     )
    v.      )     CV 106-028
     )
MICHAEL J. ASTRUE, Commissioner      )
of Social Security Administration,      )
     )
    Defendant.      )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R & R"), to which objections have been filed. The

Court concludes that the Commissioner's objections are without merit, but one point merits

discussion. The analysis in the R & R provides that this case should be remanded so that the

ALJ can more fully explain his reasoning, as it relates to Plaintiff's non-exertional

impairments regarding Plaintiff's complaints of pain. The Commissioner now argues that

the substantial evidence in this case supports the conclusion that Plaintiff's pain was related

to her left leg impairment and resulted in only exertional limitations. (Doc. no. 20, p. 2).

The Commissioner further argues that neither Plaintiff nor the R & R has cited substantial

evidence in the record that indicates that Plaintiff's pain resulted in any non-exertional

limitations. (Id.). The Commissioner's argument misses the point of the R & R.

The R & R correctly concluded that in addressing Plaintiff's subjective allegations

of disabling pain, the ALJ failed to articulate "explicit and adequate" reasons or otherwise provide implicit reasoning that amounted to a specific credibility finding, as is required by Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*). The Commissioner's current interpretation of the record does not excuse the ALJ's failure to clearly articulate his reasons for discrediting Plaintiff's complaints of pain. While the ALJ may, on remand, indeed find that Plaintiff's complaints of pain are not credible, this Court declines the invitation of the Commissioner to leapfrog the administrative function and make a conclusive determination at this point, prior to full development of the record.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO ORDERED this 13ᵗʰ day of _Aug_, 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE